UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
CHARLES EDWARD LINCOLN, III,      :
: Civil Action No.: 10-1319 (FLW)
  Plaintiff,      :
:
  v.      : **ORDER**
:
BANKUNITED, et al.,      :
:
  Defendants.      :
_____:

This matter having been opened to the Court by *Pro Se* Plaintiff Charles Lincoln, III, seeking default judgment against Defendant BankUnited, with Porzio, Bromberg & Newman, P.C., counsel for Defendant, cross-moving to vacate the entry of default and seeking leave to answer; and

1.   Plaintiff filed the instant Complaint on March 12, 2010, and a Summons was issued to BankUnited on that same date. According to Plaintiff's Return of Service, a process server served the Complaint on an attorney named Chris Kondiah at BankUnited's legal department on April 23, 2010. No answer or other response was filed by BankUnited, and the Clerk entered default against the Defendant on June 15, 2010.

2.   The Complaint asserts that Plaintiff purchased 221 Squan Beach Drive, Mantoloking, New Jersey 08738 ("Property") from the former owner in December of 2009 for $25. Contending that he is a holder in due course, Plaintiff seeks a judgment in quiet title extinguishing BankUnited's mortgage on the Property. The original mortgage amount was $1,210,000 and the Property became the subject of mortgage foreclosure proceedings on March 11, 2010. According to BankUnited, it gained the right to the mortgage by purchasing substantially all

of the assets of certain debtors, including the parent of the original mortgagee, while those debtors were in bankruptcy proceedings.

3. BankUnited suggests that it did not receive actual notice of the Complaint when it was initially served. Once BankUnited received notice of the entry of default, however, counsel filed a letter on July 9, 2010 advising the Court that it intended to file a motion to vacate the entry of default and for leave to file an answer. BankUnited has also reached out to Plaintiff to attempt to vacate the entry of default by consent, but Plaintiff has not responded to BankUnited's request.

4. A district court can enter a default judgment pursuant to Fed.R.Civ.P. 55(b)(2), once an entry of default has been entered by the Clerk of the Court. "Ultimately, the decision whether to enter default judgment in any given case is left primarily to the discretion of the district court." Century 21 Real Estate LLC v. Kenneth M. Yanni, Inc., Civil Action No. 07-6078, 2009 WL 904122, at * 1 (D.N.J. Mar. 31, 2009) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984)) (internal quotation marks omitted).

5. "Nevertheless, that discretion is not unfettered, and in considering whether to enter default judgment, the Court should consider: (1) whether the defendants has a litigable defense; (2) whether the defendant's delay is a result of his misconduct; and (3) if plaintiff would be prejudiced by the denial of default judgment." Piquante Brands Intern., Ltd. v. Chloe Foods Corp., Civil Action No. 3:08-cv-4248, 2009 WL 1687484, at *2 (D.N.J. Jun. 16, 2009) (internal quotation marks omitted) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort. See Poulis v. State Farm Fire &

   Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions"). As a result, district courts are directed to resolve all doubt in favor of proceeding on the merits. Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

6. BankUnited has a litigable defense to Plaintiff's claims. To the extent that BankUnited is the holder of a purchase money mortgage on the Property, the Holder Rule may "strip[ ] the ultimate holder of the paper of its traditional status as a holder-in-due-course ..." Assoc. Home Equity Services, Inc. v. Troup, 343 N.J.Super. 254, 274 (App.Div. 2001). In terms of the reason for Defendant's delay, BankUnited contends that it suffered from "confusion stemming from the ongoing restructuring and reorganization occurring in [the bankruptcy proceeding], together with the existing foreclosure proceeding pending in the Superior Court of New Jersey, in which BankUnited is represented by different counsel." Def. Opp. at 7. In light of the two co-pending actions and intersecting legal issues involved, the Court concludes that Defendant's delay was not due to culpable conduct. Finally, Plaintiff would not be prejudiced by the denial of default judgment. Plaintiff makes no arguments in this regard, and the only "prejudice" the Court can discern is delay in hearing his claims. Because "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent a court from denying motion for default judgment," Joint Welfare Fund, Local Union No. 164, I.B.E.W. v. Long, Civ. Action No. 09-CV-873, 2010 WL 3311863, at *2 (D.N.J. Aug. 19, 2010), the Court declines to enter the drastic sanction of default judgment here.

7. Furthermore, if the foreclosure proceeding is still proceeding in state court, under the Younger abstention doctrine, this Court may be required to abstain from hearing this suit. See Patetta v. Wells Fargo Bank, NA, Civil Action No. 09-2848, 2010 WL 1931256, at *9 (D.N.J. May 13, 2010).  Thus, the Court directs the parties to file briefing on the applicability of the Younger abstention doctrine to this suit within fourteen (14) days of the date of this Order.

8. As to Defendant's request for leave to file an Answer, courts may grant such leave "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b).  Excusable neglect is defined as "requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.... '[H]alf hearted efforts at service' and 'inadvertence of counsel' do 'not amount to good cause.' U.S. Small Business Admin. as Receiver for Penny Lane Partners, L.P. v. Berger, Civ. Act. No. 08-2245, 2010 WL 1133433, at *2 (D.N.J. Mar. 22, 2010) (citation omitted).  The Court concludes that Defendant's delay was due to excusable neglect in that Defendant was represented by different counsel in the bankruptcy and foreclosure proceedings, and because of the intersecting legal issues involved in its acquisition of the rights to the mortgage and any defenses it would be entitled to raise here;

and the Court having considered the parties' moving, opposition, and reply briefs pursuant to Fed. R. Civ. P. 78; and for good cause shown:

It is on this 12th day of October, 2010,

ORDERED that the Clerk's entry of default on June 15, 2010 is hereby VACATED; and it is further

ORDERED that Defendant BankUnited is granted leave to file an Answer by October 20, 2010.

/s/ Freda L. Wolfson  
Freda L. Wolfson, U.S.D.J.