UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
CHARLES EDWARD LINCOLN, III,   :
: Civil Action No.: 10-1319 (FLW)
       Plaintiff,   :
:
v.   : **ORDER**
:
BANKUNITED, et al.,   :
:
       Defendants.   :
_____:

       This matter having been opened to the Court *sua sponte*, raising the question of whether Plaintiff Charles Lincoln, III's suit is barred by the Younger abstention doctrine; and the Court having directed the parties to file supplemental briefing on this issue; and the Court having considered the memorandum submitted by both parties; and

1.    The Complaint asserts that Plaintiff purchased 221 Squan Beach Drive, Mantoloking, New Jersey 08738 from the former owner in December of 2009 for $25. Contending that he is a holder in due course, Plaintiff seeks a judgment in quiet title extinguishing BankUnited's mortgage on the Property.

2.    The Property became the subject of mortgage foreclosure proceedings filed on March 11, 2010, in the Superior Court of New Jersey, Chancery Division, Ocean County. To the Court's knowledge, no final judgment of foreclosure has been entered in the foreclosure proceeding.[1]

---

[1] In reaching this conclusion, the Court does not rely upon Defendant's counsel, Vladimir Palma's, certification as to the status of the state court action. Rather, the Court inquired with the New Jersey courts directly to confirm the status of the foreclosure action. Furthermore, the Court does not otherwise rely upon the Palma Certification in ruling on the question of Younger abstention. Accordingly, the Court need not rule upon Plaintiff's motion to strike the certification.

3. As noted in my prior order dated October 12, 2010, if the foreclosure proceeding is still proceeding in state court, under the <u>Younger</u> abstention doctrine, this Court is required to abstain from hearing this suit, see <u>Patetta v. Wells Fargo Bank, NA</u>, Civil Action No. 09-2848, 2010 WL 1931256, at *9 (D.N.J. May 13, 2010), unless extraordinary circumstances can be shown.[2] <u>Gray v. Pagano</u>, 287 Fed.Appx. 155, 157 (3d Cir. 2008).

4. The three requirements that must be met before a federal court may properly invoke <u>Younger</u> abstention are: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989) <u>cited in</u> <u>Gray</u>, 287 Fed.Appx. at 157. Here, the first and second prongs are easily met. As for the first prong, the foreclosure proceeding is an ongoing judicial proceeding because no final judgment has yet been entered. As for the second prong, New Jersey has an interest in adjudicating a quiet title action related to a New Jersey property pending foreclosure in its courts.

5. As for the third requirement, *i.e.*, that the state proceedings afford an adequate opportunity to raise federal claims, the only federal claims in Plaintiff's Complaint are Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq</u>., and Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, <u>et</u> <u>seq</u>. claims. The state foreclosure proceeding provides adequate opportunity for Plaintiff to raise those claims. <u>Cf.</u> <u>Associates Home Equity Services, Inc.</u>

---

[2] The <u>Younger</u> abstention doctrine is named after the suit <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

v. Troup, 343 N.J.Super. 254 (App. Div. 2001) (holding that defendants in foreclosure actions may assert recoupment counterclaim under Truth-in-Lending Act).

6. That Plaintiff was not initially named in the state-court foreclosure action does not alter my analysis. Continuing to hear this matter would interfere with a state proceeding that affects the Property, and Plaintiff's suit in this court challenges the ownership of that property. Moreover, Plaintiff has participated in the state court action by jointly filing a motion to dismiss along with the former owner. See Pl. Supp. Br. at 2.

7. Plaintiff raises three challenges to application of Younger abstention, each of which the Court rejects.

8. First, Plaintiff argues that the foreclosure was filed only one day before the instant federal action and that, because the foreclosure had not been served upon the former owner at the time Plaintiff filed the instant federal action, he was unaware of the state court action at the time he initiated the federal suit. Thus, he continues, his intent in filing the federal action was not to interfere with the foreclosure. Plaintiff's intent, however, is irrelevant to whether Younger abstention applies, and provides no basis for this Court to proceed in hearing this action.

9. Second, Plaintiff argues that the U.S. Supreme Court's decision in Exxon Mobile v. Saudi Basic Industr., 544 U.S. 280 (2005), grants plaintiffs the "right" to file parallel proceedings addressing the same issues in state and federal court. As Plaintiff acknowledges, however, Exxon Mobile is a *Rooker-Feldman* abstention case, not a Younger case. And, contrary to Plaintiff's contention, Exxon Mobile does not affect the viability of the Younger abstention doctrine. Indeed, the Third Circuit has recently explained that when faced with a challenge

      to a state proceeding, Younger bars those state proceedings that are still ongoing while Rooker-Feldman bars those that has reached a final ruling on the merits. Feingold v. Office of Disciplinary Counsel, No. 10-1223, 2011 WL 678397, *3 (3d Cir. Feb. 28, 2011).

10. Third, Plaintiff cites to two Supreme Court cases preceding and following Younger, in support of his position—Dombrowski v. Pfister, 380 U.S. 479 (1965), and Mitchum v. Foster, 407 U.S. 225 (1972). Dombrowski has no applicability here; it involves enforcement proceedings brought by state officials, not foreclosure actions, and precedes the U.S. Supreme Court's decision in Younger. 380 U.S. at 484.

11. As for Plaintiff's citation to Mitchum, that case stands for the proposition that unusual circumstances calling for equitable relief may counsel against the exercise of Younger abstention. See Grey, 287 Fed.Appx. at 158. Plaintiff has cited no such unusual circumstance here.

and the Court having considered the parties' supplemental briefs pursuant to Fed. R. Civ. P. 78; and for good cause shown:

      It is on this 22nd day of March, 2011,

      ORDERED that the suit is DISMISSED WITHOUT PREJUDICE.

                                    /s/ Freda L. Wolfson
                                    Freda L. Wolfson, U.S.D.J.